Laura A. Ensign and Stephen T. Ensign, Plaintiffs *pro se*
PO Box 564
Forest Grove, OR 97116
503-730-2900

FILED26 SEP '16 11:34USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| LAURA A. ENSIGN AND STEPHEN T. ENSIGN,<br><br>Appellants,<br><br>v.<br><br>"U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,"<br><br>Appellee. | Case No.: 3:16-cv-01609-HZ<br><br>APPELLANTS' APPLICATION FOR PRELIMINARY INJUNCTION – FRBP 7065, 8017(c); 28 U.S.C.A. § 158(a) |

We move this court for a preliminary injunction[1] to enjoin[2]

Appellee on the following particulars. We base this application/motion

---

1 "A temporary injunction issued before or during trial **to prevent an irreparable injury from occurring before the court has a chance to decide the case.**" - Black's Law Dictionary 800 (8th ed. 2004). **Please note our added emphasis to any cited text is in boldface**

2 "To legally prohibit **or restrain by injunction**" - same Black's page 570; *see also De Beers Consol. Mines, Ltd. v. United States*, 325 U. S. 212, 220 (1945): "[a] preliminary injunction is **always appropriate to grant intermediate relief of the same character as that which may be granted finally**"

1

on the case record, our Judicial Notice,[3] and:

### Why the court should issue this Injunction[4]

It is a matter of record Appellee is now forcing the Sheriff to sell our home through the original state court case. Appellee has shown despite these ongoing proceedings, lack of standing, lack of jurisdiction and other infirmities in their case against our home, they will continue to aggressively attempt to dispossess us of the our home, the subject property of these proceedings. This injunction is needed to stop them until at least this appeal has run its course.

### "State its terms specifically"[5]

*and*

### "The act or acts restrained or required"[6]

The injunction should enjoin Appellee, its officers, agents, servants, employees, and attorneys, the Yamhill County Circuit Court and Sheriff, and any other persons who are in active concert or

---

3 *See* our Request for Judicial Notice we are filing and serving with this Application
4 *See* FRCP 65(d)(1)(A), incorporated here by FRBP 7065
5 Required by FRCP 65(d)(1)(B)
6 Required by FRCP 65(d)(1)(C)

2

participation with anyone described in Rule 65(d)(2), from taking any further actions or proceedings against the our home located at 29425 N.W. Mount Richmond Road, Gaston, Oregon, during the pendency of this appeal, and/or this court's exercise of its jurisdiction.

SUPPORTING POINTS AND AUTHORITIES; DISCUSSION

Our intent for applying to this court for this injunction is to restore the "status quo ante."[7] We believe this approach is sound due to the fact this court has original jurisdiction of this real estate as a matter of law pursuant to 28 U.S.C.A. § 1334(e):

> "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
> (1) **of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.**"

Additionally, FRBP 8017(c) provides this court acting as an appellate court has the authority "to make any order appropriate to

---

7 "[Latin] The situation that existed before something else (being discussed) occurred." - Black's Law Dictionary 1448 (8th ed. 2004); *see also Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) (a preliminary injunction's sole purpose is to preserve the *status quo ante litem* – the status that existed before the lawsuit – *pending a determination of the case on the merits*)

3

preserve the status quo."[8]

These statutes seem to us to be unambiguous and this court must assume they mean what they say.[9]

On this point I remind the court it has the obligation to accept my submissions "however inartfully pleaded."[10]

Other technical requirements?

We believe we have so far fulfilled the "letter of the law" requirements of FRCP 65.  Our research for this Application shows there may be other technical requirements.  As we are able to

---

8  28 U.S.C.A. § 158(a); see also *In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, Footnote 4 (2002):  **"The controlling grant of appellate jurisdiction is**: (a) The district courts of the United States shall have jurisdiction to hear appeals. . ."
9  *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54 (1992): "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then . . . `judicial inquiry is complete.'" *See again* FRBP 1001
10 The Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also* *Hughes v. Rowe*, 449 U.S. 5, 9 (1980): "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'"

understand requirements of this nature we must show: (1) we are likely to succeed "on the merits," (2) we are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in our favor, and (4) an injunction is in the public interest[11]

*"(1) we are likely to succeed "on the merits"*

It is quite obvious to us from the case record, beginning with the state court proceedings leading up to summary judgment, that court failed to fully adjudicate the case on the merits. Like the state court, the bankruptcy court essentially denied us a fundamentally fair proceeding by filling in the blanks for Appellee and ignoring the substantive law and facts supporting our side of the case, including the fact Appellee lacks standing to foreclose, and there is *still* no default *per se*. Judges' signatures cannot bootstrap standing where none exists,[12] nor aid Appellee in overcoming the legal consequences of Oregon's Negotiable Instruments Law *and* the Fair Debt Collection Practices



---

11 *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)
12 "bootstrap . . .To reach an unsupported conclusion from questionable premises." - same Black's, page 195

Act.

In support of this point we point the court to our Judicial Notice's true copy of our "NOTICE OF REFUSAL FOR FRAUD" to the Attorney General early in the foreclosure process.

*"(2) we are likely to suffer irreparable harm in*

*the absence of preliminary relief"*

"Irreparable injury" is defined as "An injury that cannot be adequately measured or compensated by money and is therefore often considered remediable by injunction."[13] In Oregon the standard for this point is an "appreciable threat of continuing harm"[14] and " danger must be probable or threatened."[15]

We submit wrongfully selling our home, and any harm to our reputation, constitutes both irreparable harm and and undue hardship and meets these requirements.

---

13 Same Black's, page 801, "Also termed irreparable harm; nonpecuniary injury"
14 *Bates v. Motor Vehicles Div.*, 30 Or App 791, 794, 568 P2d 686 (1977)
15 *McCombs et al v. McClelland*, 223 Or 475, 485, 354 P2d 311 (1960); see also *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (1987): "property and its attributes are considered unique and loss of real property rights generally results in irreparable harm"

*"(3) the balance of equities tips in our favor"*

We submit this factor "tips" in our favor as a matter of law. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) provides in every case, courts such as this "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." We believe this also covers what (4) requires.

*"(4) an injunction is in the public interest"*

We submit it is in the public interest for this court to protect its jurisdiction as provided by 28 U.S.C. § 1334(e) and applied to the particulars of this case, and the parties' substantive property rights be fully adjudicate here.

RELIEF REQUESTED

This court's preliminary injunction according to this Application enjoin Appellee, its officers, agents, servants, employees, and attorneys, the Yamhill County Circuit Court and Sheriff, and any other persons who are in active concert or participation with anyone described in Rule

65(d)(2), from taking any further actions or proceedings against the our home located at 29425 N.W. Mount Richmond Road, Gaston, Oregon, during the pendency of this appeal, and/or this court's exercise of its jurisdiction.

We do not make this Application for any improper purpose whatsoever.

We expressly reserve the right to amend or supplement this Application if we believe it is needed. We also reserve our right to to have the court construe this paper equitably and according to FRBP 1001 and 7008(a).

*Submitted with all rights reserved on September 26, 2016*

*Laura a Ensign*
Laura A. Ensign, Plaintiff *pro se*

Stephen T. Ensign, Plaintiff *pro se*

## CERTIFICATE OF SERVICE

I certify that on this date I mailed a true copy of this Request to Appellee's attorneys at their address of record.

*Submitted with all rights reserved on September 26, 2016*

Stephen T. Ensign, Appellant *pro se*