Jesse A.P. Baker (SBN 36077)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
The Ogden Building
9311 SE 36th St, Ste 100
Mercer Island, WA 98040
Telephone: (425) 644-6471

<u>**Mailing Address**</u>:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 326-2430

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 3:16-cv-01609-HZ |
| LAURA A. ENSIGN and STEPHEN T. ENSIGN, | **RESPONSE TO APPELLANTS' APPLICATION FOR PRELIMINARY INJUNCTION FRBP 7065, 8017(C); 28 U.S.C.A. § 158(A)** |
| Debtors. | |
| STEPHEN T. ENSIGN AND LAURA A. ENSIGN , | |
| Appellants, | |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | |
| Appellee. | |

U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7 (hereinafter "Creditor"), secured creditor of the above-entitled plaintiffs, Laura A. Ensign and Stephen T. Ensign (hereinafter "Appellants"), hereby Responds to Appellants' Application for Preliminary Injunction FRBP 7065, 8017(c); 28 U.S.C.A. § 158(a) ("Motion") filed in the above-referenced matter.

### 1) <u>INTRODUCTION</u>

For the reasons set forth herein, the Court should deny Appellants' Motion.  Appellants' request

for injunctive relief does not meet the procedural requirements for injunctive relief. Consequently, their request for such relief should either be denied in all respects or else granted on the condition that Appellants post substantial security pursuant to Fed. R. Civ. P. 65(c).

## 2) <u>ARGUMENT</u>

### A.  APPELLANTS HAVE NOT COMPLIED WITH LOCAL RULE 7-1(a).

As a preliminary matter, Appellants have not complied with Local Rule 7-1(a), as required and as previously specifically directed to do by this Court.  See Dkt. 12. Counsel for Creditor certifies that he has not been contacted by Appellants to confer in regard to the motion.  Appellants' Motion does not contain any certification they made a good faith effort to confer with the opposing party and indicate whether the motion is opposed or unopposed.  As a result, the Court may deny the Motion.

### B.  APPELLANTS HAVE NOT MET THE PROCEDURAL REQUIREMENTS FOR INJUNCTIVE RELIEF.

#### 1.  <u>Legal Standard.</u>

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.* 555 U.S. 7 at 20 (2008) (Citing *Munaf v. Geren,* 553 U.S. 674, 689 – 690, 128 S.Ct. 2207, 2218–2219, 171 L.Ed.2d 1 (2008); *Amoco Production Co. v. Gambell,* 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 311–312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982).)

#### 2.  <u>Success on the merits.</u>

Appellants argue that they are likely to succeed on the merits because the prior court "failed to fully adjudicate on the merits."  Motion, pg 5.  Appellant asserts that "Appellee lacks standing to foreclose, and there is *still* no default *per* se."  *Id.*  However, Appellant provides no evidence to support these allegations.  Moreover, from what Appellee can glean from the filings to date, the case before this Court is Appellants' appeal of the Bankruptcy Court's Order Striking their Amended

Complaint, entered in the related Bankruptcy case on August 3, 2016. Appellants offer no argument and present no facts or case law to support any assertion that the Order should be overturned. Because Appellant has not made a prima facie showing of any chance of success on their appeal, the Motion should be denied.

### 3. **Irreparable harm.**

Again, Appellants make assertions but fail to substantiate the assertions made with any facts. Appellants claim that without an injunction against a laundry list of parties prohibiting them from undertaking any action proceeding against their home, they will suffer irreparable harm and undue hardship. See Motion, pgs. 6-7. However, as the probability of success on the merits decreases, the burden on the Appellant to show a degree of irreparable harm increases. See _Associated Gen. Contractors of Cal. v. Coal. for Econ. Equity,_ 950 F.2d 1401, 1410, (9th Cir.1991). As described above, Appellants have not shown or even addressed their likelihood to succeed in their appeal. Accordingly, the burden to show irreparable injury is significant and has not been met in this case, and accordingly the Motion should be denied.

### 4. **Balance of Equities**

The balance of equities clearly favors Creditor. As described in greater detail below, Creditor has suffered significant costs defending protracted litigation its claim against Appellant. (_See_ Appellants' Request Request for Judicial Notice, Doc. 11-1, pgs 3-4.) Meanwhile, Appellant has enjoyed the use of the property at no costs for years. _Id._ As described above, Appellant cannot show irreparable harm to the extent needed as a result of the heightened burden as a result of a failure to show any chance of success on the merits. As a result, the balance of equities can only favor Creditor and therefore the Motion should be denied.

### 5. **Public Interest.**

Once again, Appellant has provided very little argument to support an assertion that it is in the public interest to grant the Motion and enjoin any actions against the property. Appellant cites 28 U.S.C, 1334(e) and the Court's need to protect its jurisdiction. However, as described above, the matter before the Court is an appeal of an Order Striking an Amended Complaint. Denying the Motion will not affect this Court's jurisdiction over the appeal. Once again because Appellant does

not meet this element in their pleading the Motion should be denied.

Appellants must show the ability to satisfy each one of the elements listed above. *See* Winters 555 U.S. 7 (2008). Plaintiff is not able to meet any one of these elements, and is therefore ineligible for injunctive relief.

### C. APPELLANTS ARE NOT ENTITLED TO INJUNCTIVE RELIF ABSENT A PRESENT WILLINGNESS AND ABIILTY TO TENDER SECURITY

Finally, Appellants has not alleged an ability to tender security as required by Fed R. Civ. P. 65(c), which states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." As set forth in the documents supporting Appellants' own motion, Appellants owe $659,412.43 on the Judgment Award as of September 8, 2016. (*See* Appellants' Request Request for Judicial Notice, Doc. 11-1, pgs 3-4.) The interest on the Judgment is accruing at a rate of $155.80 per day and amounted to $27,576.60 as of September 1, 2016. In addition, Creditor is accruing costs in the defense of Appellants' continued litigation. Given the significant amount of these costs, any injunctive relief should be predicated on the posting of a bond equivalent to the current amount of interest accrued and through the date of the expiration of the injunction, which amount can be calculated by the Court based on the expiration date of any Order Granting Injunction.

### I.    CONCLUSION

Injunctive relief is "an extraordinary remedy" which should not be lightly granted. *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91. Based on the foregoing arguments, Creditor request that Appellants' request for injunctive relief be denied or, if injunctive relief is to be granted, that it be conditioned on the posting of security as described above.

WHEREFORE, Creditor respectfully requests:

i)    That the Appellants' Application for Preliminary Injunction FRBP 7065, 8017(c); 28 U.S.C.A. § 158(a) be denied; or, in the alternative;

**RESPONSE TO APPELLANTS' APPLICATION FOR PRELIMINARY INJUNCTION FRBP 7065, 8017(C); 28 U.S.C.A. § 158(A)**

ii)     Appellants be required to pay into the Court's account an amount equal to the interest charges included in the Judgment Award, plus daily interest charges of $155.80 from September 1, through the pendency of any injunctive relief granted;

iii)    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 11, 2016           ALDRIDGE PITE, LLP

By: /s/ Jesse A.P. Baker
JESSE A.P. BAKER (SBN 36077)
Attorneys for U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7

**RESPONSE TO APPELLANTS' APPLICATION FOR PRELIMINARY INJUNCTION FRBP 7065, 8017(C); 28 U.S.C.A. § 158(A)**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

CASE NO. 3:16-cv-01609

### CERTIFICATE OF SERVICE BY MAIL

I, Megan Pellow,  am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

On May 12, 2016, I served the attached **RESPONSE TO APPELLANTS' APPLICATION FOR PRELIMINARY INJUNCTION FRBP 7065, 8017(C); 28 U.S.C.A. § 158(A)** by placing a true copy thereof in an envelope addressed to:

Stephen T. Ensign
Laura A. Ensign
POB 564
Forest Grove, OR 97116

Honorable Judge Marco A. Hernandez
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Ave.
Portland, OR 97204

which envelope was then sealed and postage fully prepaid thereon, and deposited in the United States Mail at San Diego, California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 12, 2016                          */s/ Megan Pellow*
                                             MEGAN PELLOW