IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA A. ENSIGN and
STEPHEN T. ENSIGN,

        Appellants,

   v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee,

        Appellee.

No. 3:16-cv-01609-HZ

OPINION & ORDER

Laura A. Ensign
Stephen T. Ensign
P.O. Box 564
Forest Grove, OR 97116

    Pro Se Appellants

Jesse A.P. Baker
ALDRIDGE PITE, LLP
PO Box 17933
San Diego, CA 92177

    Attorney for Appellee

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Appellants Laura Ensign and Stephen Ensign move for a preliminary injunction against Appellee U.S. Bank National Association ("U.S. Bank"). In addition, Appellants move for an injunction against "the Yamhill County Circuit Court and Sheriff, and any other persons who are in active concert or participation with anyone described in Rule 65(d)(2)," even though none of these additional individuals or entities is named as a party. Appellants seek an injunction to stop Appellee and others "from taking any further actions or proceedings against the [sic] our home located at 29425 N.W. Mount Richmond Road, Gaston, Oregon, during the pendency of this appeal, and/or this court's exercise of its jurisdiction." Appellant's App. Prelim. Inj. 3, ECF 10. Appellants seek to halt any effort to foreclose on their home. Because Appellants fail to show a likelihood of success on the merits of their case in front of this Court, their motion for a preliminary injunction is denied.

## BACKGROUND

On February 24, 2016, the Circuit Court of Oregon for Yamhill County granted summary judgment to U.S. Bank in its case brought against Appellants for judgment and foreclosure on their property. Appellants' Request Judicial Notice ("Jud. Not.") 11, ECF 11-1. Circuit Court Judge Cynthia Easterday signed a "General Judgment Determining Amount Owed and Foreclosure," declaring $626,679.17 as the total amount of Appellants' debt to U.S. Bank.

On April 12, 2016, Appellants initiated a complaint against U.S. Bank in Bankruptcy Court for the District of Oregon. Appellants' Appeal Notice 4 ("Bankruptcy Ct. Order"), ECF 1. U.S. Bank successfully moved to dismiss the complaint. Id. Appellants filed an amended complaint. Id. However, the Bankruptcy Court determined that the amended complaint was "functionally indistinguishable" from the original complaint, which the court had already

determined failed to state a claim. Id. at 6. Therefore, the Bankruptcy Court struck the amended complaint and directed the Clerk of the Court to close the proceeding. Id.

On August 8, 2016, Appellants filed a Notice of Appeal with the Bankruptcy Court, electing to have their appeal heard in this District. Id. at 1. The entirety of the Notice of Appeal is: "We appeal this court's 'ORDER STRIKING AMENDED COMPLAINT' and closing this case (docket #33)." Id.

Appellants requested and received two extensions of time to file their opening brief in this Court. It is now due on November 21, 2016. Order, Nov. 3, 2016, ECF 16.

## STANDARDS

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is likely, not just possible[.]" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id.

Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four required elements set forth above. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam); Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) (a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion") (quoting Mazurek, 520 U.S. at 972) (emphasis in original).

3 – OPINION & ORDER

## DISCUSSION

The Court denies Appellants' motion for a preliminary injunction because Appellants fail to show a likelihood of success on the merits.

**I.      Judicial Notice**

Appellants ask the Court to take judicial notice of five records from the Circuit Court of Oregon for Yamhill County, a letter that Appellants sent to Oregon Attorney General Rosenblum, two letters Appellants received from U.S. Bank's counsel, two letters Appellants sent to U.S. Bank's counsel, and a document titled "Indemnification of Lost Original Note and/or Deed of Trust and Request for Full Reconveyance" which was issued by Mortgage Electronic Registration Systems, Inc. (MERS). Jud. Not. Exs. A, B; ECF 11-1, 11-2. U.S. Bank does not respond to Appellants' request.

Under Federal Rule of Evidence 201(b), the Court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may not take judicial notice of a matter that is in dispute. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). A party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice. In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992) (citing In re Blumer, 95 B.R. 143, 146 (B.A.P. 9th Cir. 1988)).

A court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Thus, the Court takes judicial notice of the Yamhill County court records.

As to the letters sent to and from Appellants, they are neither court filings nor matters of public record. Further, the letters are not sources "whose accuracy cannot reasonably be questioned." Therefore, the Court does not take judicial notice of the letters.

Finally, the Court cannot determine, and Appellants do not explain, whether the MERS document was filed in a court or is a public record. Because U.S. Bank does not object and because it does not change the Court's conclusion regarding Appellants' motion, the Court takes judicial notice of the document only for the purpose of this Opinion.

**II.     Merits**

The case before this Court is an appeal of the Bankruptcy Court's order striking Appellants' amended complaint. Appellants argue that they have a likelihood of success on the merits of their appeal because U.S. Bank lacks standing to foreclose and "there is still no default per se." Appellants' Mot. Prelim. Inj. 5, ECF 10. Appellants appear to also argue that U.S. Bank is in violation or has violated Oregon's Negotiable Instruments Law and the Fair Debt Collection Practices Act. Id. at 5-6.

Appellants fail to show that they have any likelihood of success on their appeal of the Bankruptcy Court's order. The Bankruptcy Court gave Appellants two opportunities to submit a complaint that stated a claim. Bankruptcy Ct. Order 4. In addition, at a July 5, 2016 hearing, "the court expressly cautioned [Appellants] that if they chose to file an amended complaint, they needed to make specific factual allegations concerning the fraudulent or bad faith actions that they contend were committed by U.S. Bank." Id. at 4-5. Despite that warning, Appellants were unable or unwilling to submit a complaint that complied with the Bankruptcy Court's orders.

The Bankruptcy Court order addressed each of the arguments that Appellants present to this Court. Bankruptcy Ct. Order 4-6. In response to Appellants' argument regarding the Fair

5 – OPINION & ORDER

Debt Collection Practice Act, the court explained that "[e]ven if U.S. Bank had violated the FDCPA, this court is unaware of any authority for [Appellants'] contention that such violations would somehow deprive the bank of standing to enforce its note and trust deed." Id. at 5. As to Appellants' argument that "there is still no default," the Bankruptcy Court relied on Mr. Ensign's admission that Appellants have not made a payment on their U.S. Bank mortgage since 2011. Id. at 6 ("Debtors' denial of a default collapses in the face of Mr. Ensign's admission that the Debtors have not made mortgage payments for approximately five years.").

A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code *de novo*. Greene v. Savage, 583 F.3d 614, 618 (9th Cir. 2009). The Court reviews the Bankruptcy Court's findings of fact for clear error. Id. Here, Appellants offer no argument or authority to suggest that the Bankruptcy Court's conclusions or findings were erroneous. Thus, Appellants make no showing that they are likely to succeed on the merits of their appeal of the order.

The Court agrees with Appellants that, if they were able to show a likelihood of success on the merits, they could likely prevail on the other three Winter factors. However, with no likelihood of success on the merits, the Court does not need to address the remaining three factors. Winter, 555 U.S. at 20 (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); see also Mazurek, 520 U.S. at 972 (preliminary injunction is "an extraordinary and drastic remedy"). The motion for preliminary injunction is denied.

\\\

\\\

6 – OPINION & ORDER

## CONCLUSION

Appellants' motion for preliminary injunction [10] is denied because Appellants fail to demonstrate a likelihood of success on the merits. Appellants' request for judicial notice [11] is granted in part.

IT IS SO ORDERED.

Dated this \_\_\_\_21\_\_\_\_ day of \_\_\_\_Nov_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER