Jesse A.P. Baker (SBN 100017)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
The Ogden Building
9311 SE 36th St, Ste 100
Mercer Island, WA 98040
Telephone: (425) 644-6471

<u>**Mailing Address**</u>:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 326-2430

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| In re | Bankruptcy Case 16-30920-pcm7 |
| STEPHEN T. ENSIGN, | Adv. Case No. 16-03403-pcm |
| Debtor. | Chapter 7 |
| | District Court Case 3:16-cv-01609-HZ |
| STEPHEN T. ENSIGN AND LAURA A. ENSIGN , | **APPELLEE'S BRIEF** |
| Appellant | |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | |
| Appellee | |

## I.   STATEMENT OF JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and §§ 157(b)(1) and (b)(2).

This Court has jurisdiction pursuant 28 U.S.C. § 158(a).

## II.  STATEMENT OF ISSUES PRESENTED

Whether the Bankruptcy Court abused its discretion in Striking Appellants' amended Complaint for failure to state a claim.

## III. STANDARD OF REVIEW

A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code *de novo*. Greene v. Savage, 583 F.3d 614, 618 (9th Cir. 2009). The Court reviews the Bankruptcy Court's finding of fact for clear error. Id.

## IV. STATEMENT OF THE CASE

Appellants are appealing the Bankruptcy Court's Order striking their amended complaint. In reaction to their original complaint, Appellees filed a motion to dismiss for failure to state a claim and the court dismissed the complaint on Appellees' motion. The court allowed Appellants time to file an amended complaint but required them to include specific facts supporting their claims. Appellants' failed to do so and the court therefore issued its Order Striking the amended complaint. While Appellants filed an Opening Brief filled with allegations and legal citation, Appellants fail to show any error of law in the Order of the Bankruptcy Court that would lead to a reversal of the court's decision to dismiss the complaint for failure to state a claim and therefore the appeal must be denied.

## V.  STATEMENT OF FACTS

On February 24 2016, the Circuit Court of Oregon for Yamhill County granted summary judgment to Appellee U.S. Bank in its case brought against Appellants for judgment and foreclosure on their property.  Appellants' Request Judicial Notice ("Jud. Not.") 11, ECF 11-1.  Circuit Court Judge Cynthia Easterday signed a "General Judgment Determining Amount Owed and Foreclosure," declaring $626,679.17 as the total amount of Appellants' debt to U.S. Bank.

On April 12, 2016, Appellants initiated a complaint against U.S. Bank in Bankruptcy Court for the District of Oregon.  Appellants' Appeal Notice 4 ("Bankruptcy Ct. Order"), ECF 1.

U.S Bank successfully moved to dismiss the complaint.  Id.

**APPELLEE'S BRIEF**

The Appellants filed an amended complaint.  Id.

The Bankruptcy Court determined that the amended complaint was "functionally indistinguishable" from the original complaint, which the court had already determined failed to state a claim. Id at 6.

The Bankruptcy Court struck the amended complaint and directed the Clerk of the Court to close the proceeding. Id.

On August 8, 2016, Appellants filed a Notice of Appeal with the Bankruptcy Court, electing to have their appeal heard in this District. Id at 1.  The entirety of the Notice of Appeal reads "We appeal this court's 'ORDER STRIKING AMENDED COMPLAINT' and closing this case (docket #33)." Id.

Appellants requested and received three extensions of time to file their opening brief in this Court.

On November 29, 2016, Appellants filed their Opening Brief.  Doc. 23.

## VI. SUMMARY OF ARGUMENT

Appellants fail to show any error of law in the Order of the Bankruptcy Court that would lead to a reversal of the court's decision to dismiss the complaint for failure to state a claim.  The Bankruptcy Court gave Appellants two opportunities to submit a complaint that stated a claim. Bankruptcy Ct. Order 4.  In addition, at the July 5, 2016 hearing, "the court expressly cautioned [Appellants] that if they chose to file an amended complaint, they needed to make specific factual allegations concerning the fraudulent or bad faith actions that they contend were committed by U.S. Bank." Id. at 4-5.  Despite that warning, Appellants were unwilling or unable to submit a complaint that complied with the Bankruptcy Court's orders.  Accordingly, the Order Striking the amended complaint was not in violation of law and the Court did not abuse its discretion by issuing the Order. Therefore, the Appellants' appeal should be denied.

## VII.    ARGUMENT

Appellants present a variety of arguments on which they presumably rely on to support their

**APPELLEE'S BRIEF**

request that this Court grant their appeal.  However, as will be discussed in more detail below, Appellants' arguments are not relevant to the issue before this Court, whether the Bankruptcy Court erred in Striking the Appellants' amended complaint.  And, as this Court pointed out in its Opinion and Order on Appellants' motion for Preliminary Injuntion,

"The Bankruptcy Court addressed each of the arguments that Appellants present to this court.  Bankruptcy Ct. Order 4-6.  In response to Appellants' argument regarding the Fair Debt Collection Practice Act, the court explained that "even if the U.S. Bank had violated the FDCPA, this court is unaware of any authority for [Appellants'] contention that such violations would somehow deprive the bank of standing to enforce its note and trust deed." Id. at 5.  As to Appellants' argument that "there is still no default," the Bankruptcy Court relied on Mr. Ensign's admission that Appellants have not made a payment on their U.S. Bank Mortgage since 2011. Id. at 6."

Appellees will address each of Appellants' arguments in the paragraphs below, numbered to correspond with Appellants' Brief.

1. Appellants argue that the Bankruptcy Court erred in entering a final order in a non-core adversarial proceeding.  However, the Bankruptcy Court did not issue a final order on the Appellants' amended complaint.  The court struck the amended complaint for failure to state a claim.  Therefore, Appellees fail to ascertain the relevance of the allegations contained in Appellants' 1st argument.

2. Appellants argue that the Bankruptcy Court erred by treating Appellants' Objection as a motion for reconsideration.  However, Appellees contend that the Objection has no bearing on whether the Bankruptcy Court erred in striking the amended complaint.  In fact, in Appellants' own brief they acknowledge that their "Objection requested nothing from the lower court to dispose of." Appellants' Brief, pg. 11.  Accordingly, this Court should dispose of this argument as moot.

3. Appellants argue that the Court erred by denying them meaningful access to this court. However, nowhere in the 10 pages of briefing on this issue is any argument or evidence presented that the Bankruptcy Court abused its discretion in striking the Appellants' amended complaint.

Specifically, Appellants do not point to any mistake of law the court includes in its Order currently under appeal, or any part of the amended complaint that the court ignored in its decision to strike the same.  Instead, Appellants state without any support that they "have stated a claim upon which [Appellants'] requested relief could be granted. Appellants' Brief pg 14.

  4. Appellants argue that the Court erred by "failing to construed so as to do justice according to at least FRBP 1001 *and* the Rules Enabling Act".  Appellants' Brief pg. 21.  Again, Appellees have difficulty understand Appellants' arguments in this paragraph of their Brief but deny that the Bankruptcy Court erred in any manner.

  5. Appellants argue that the Bankruptcy Court violated due process by failing to hear them in a meaningful manner.  Appellants show no evidence to support this allegation.  Appellants were given multiple chances to state their claim in their Bankruptcy case and were unable or unwilling to do so.

  6. Appellants argue the Bankrupcty Court's orders as appealed are inequitable, and favor Appellee.  However, again Appellants do not include any evidence or reference to the alleged inequitable treatment.  Again, Appellees disagree with Appellants' assertion that the Court erred in its application of law in striking the amended complaint.

  The remainder of Appellants' Brief focuses on whether Appellee exists and is not relevant to the appeal.

  As stated above, the Court correctly concluded that Appellants' amended complaint is functionally indistinguishable from the original complaint, which the court dismissed for failure to state a claim. The court correctly cited to *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) to support its decision to strike the complaint.  Appellants point to no error of law in their Brief on which this court could rely to overturn the Bankruptcy Court's Order.  Accordingly, the Court should deny the appeal.

## VIII.  CONCLUSION

While Appellants filed an Opening Brief filled with allegations and legal citation, Appellants

fail to show any error of law in the Order of the Bankruptcy Court that would lead to a reversal of the court's decision to strike the amended complaint for failure to state a claim and therefore the appeal must be denied.

**ALDRIDGE PITE, LLP**

Dated: December 29, 2016          By:    /s/ *Jesse A.P. Baker*
                                                    Jesse A.P. Baker, WSBA# 36077)
                                                    9311 SE 36th Street #100
                                                    Mercer Island, WA 98040
                                                    Telephone: (425) 644-6471
                                                    Attorneys for Movant U.S. Bank National
                                                    Association, as Trustee for GreenPoint Mortgage
                                                    Funding Trust Mortgage Pass-Through Certificates,
                                                    Series 2006-AR7

                                                    Mailing Address:
                                                    4375 Jutland Drive, Ste. 200
                                                    P.O. Box 17933
                                                    San Diego, CA 92177-0933
                                                    Telephone: (858) 750-7600
                                                    Facsimile: (858) 412-2704
                                                    E-Mail: jbaker@aldridgepite.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 7007.1, *Defendant* U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7 ("U.S. Bank") respectfully submits this corporate disclosure statement and state as follows:

1. U.S. Bank National Association is a wholly owned indirect subsidiary of U.S.

2. No other publicly-held corporation, other than U.S. Bancorp, directly or indirectly owns 10 percent or more of any class of U.S. Bank's equity interests.

U.S. Bank makes these disclosures solely for the purpose of Federal Rule of Bankruptcy Procedure 7007.1 and reserves the right to supplement them as needed.

Bancorp.

### ALDRIDGE PITE, LLP

Dated: December 29, 2016      By:   /s/ *Jesse A.P. Baker*

Jesse A.P. Baker, WSBA# 36077)
9311 SE 36th Street #100
Mercer Island, WA 98040
Telephone: (425) 644-6471
Attorneys for Movant U.S. Bank National
Association, as Trustee for GreenPoint Mortgage
Funding Trust Mortgage Pass-Through Certificates,
Series 2006-AR7

Mailing Address:
4375 Jutland Drive, Ste. 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (858) 412-2704
E-Mail: jbaker@aldridgepite.com

### UNITED STATES DISTRICT COURT

**APPELLEE'S BRIEF**

## DISTRICT OF OREGON

CASE NO. 3:16-cv-01609-HZ

## CERTIFICATE OF SERVICE BY MAIL

I, Meliza Martinez-Meza, am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

On May 12, 2016, I served the attached **APPELLEE'S BRIEF** by placing a true copy thereof in an envelope addressed to:

Stephen T. Ensign
Laura A. Ensign
POB 564
Forest Grove, OR 97116

Honorable Marco A. Hernandez
Mark O. Hatfield United States Courthouse
Room 1427
1000 Southwest Third Avenue
Portland, Oregon 97204-2944

which envelope was then sealed and postage fully prepaid thereon, and deposited in the United States Mail at San Diego, California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May December 29, 2016            /s/ *Meliza Martinez-Meza*
                                         MELIZA MARTINEZ-MEZA