IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA A. ENSIGN and
STEPHEN T. ENSIGN,

                Appellants,

    v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee,

                Appellee.

No. 3:16-cv-01609-HZ

OPINION & ORDER

Laura A. Ensign
Stephen T. Ensign
P.O. Box 564
Forest Grove, OR 97116

    Pro Se Appellants

Jesse A.P. Baker
ALDRIDGE PITE, LLP
PO Box 17933
San Diego, CA 92177

    Attorney for Appellee

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Appellants Laura Ensign and Stephen Ensign appeal the United States Bankruptcy Court for the District of Oregon's decision to strike Appellants' amended complaint and close the case. See Notice of Appeal 4 ("Bankr. Ct. Order"), ECF 1. Appellants elected to have the appeal reviewed by this Court instead of the Bankruptcy Appellate Panel. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). Because the Bankruptcy Court's dismissal of Appellants' case was supported by the facts in the record and was not clearly erroneous, this Court affirms the decision of the Bankruptcy Court.

## BACKGROUND

On February 24, 2016, the Circuit Court of Oregon for Yamhill County granted summary judgment to U.S. Bank in its case brought against Appellants for judgment and foreclosure on their property. Appellants' Request Judicial Notice Ex. A at 11, ECF 11-1. Circuit Court Judge Cynthia Easterday signed a "General Judgment Determining Amount Owed and Foreclosure," declaring $626,679.17 as the total amount of Appellants' debt to U.S. Bank. *Id.* at 14.

On April 12, 2016, Appellants initiated a complaint against U.S. Bank in Bankruptcy Court for the District of Oregon. Bankr. Ct. Order. The Bankruptcy Court held a hearing on July 5, 2016, in which it granted U.S. Bank's motion to dismiss the complaint and provided Appellants an opportunity to amend their complaint. *Id.* Appellants filed an amended complaint. *Id.* However, the Bankruptcy Court determined that the amended complaint was "functionally indistinguishable" from the original complaint, which the court had already determined failed to state a claim. *Id.* at 6. Therefore, the Bankruptcy Court *sua sponte* struck the amended complaint and directed the Clerk of the Court to close the proceeding. *Id.*

2 – OPINION & ORDER

On August 8, 2016, Appellants filed a Notice of Appeal with the Bankruptcy Court, electing to have their appeal heard in this District. *Id.* at 1. The entirety of the Notice of Appeal is: "We appeal this court's 'ORDER STRIKING AMENDED COMPLAINT' and closing this case (docket #33)." *Id.*

## STANDARD

A district court acts as an appellate court when it reviews a judgment of the bankruptcy court. *In re Marquam Inv. Corp.*, 188 B.R. 434, 437 (D. Or. 1995). The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo and its factual findings are reviewed for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Id.*

## DISCUSSION

The Bankruptcy Court's Order is supported by the facts in the record and is not clearly erroneous. Thus, this Court affirms the Bankruptcy Court's Order.

**I.      Judicial Notice**

Appellants ask the Court to take judicial notice of a "Notice of Sheriff's Sale" that was allegedly posted on Appellants' gate on November 17, 2016. Request for Judicial Notice Ex. 1, ECF 20-1. U.S. Bank does not respond to Appellants' request.

Under Federal Rule of Evidence 201(b), the Court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may not take judicial notice of a matter that is in dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.

2001). A party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice. *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992) (citing *In re Blumer*, 95 B.R. 143, 146 (B.A.P. 9th Cir. 1988)).

A court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court cannot determine, and Appellants do not explain, whether the "Notice of Sheriff's Sale" was filed in a court or is a public record. Therefore, the Court does not take judicial notice of the document. Furthermore, even if the Court did take judicial notice, it would have no impact on the outcome of this Opinion & Order.

**II.     Merits**

Appellants present six ways in which they contend that the Bankruptcy Court erred in striking their amending complaint and dismissing their case. Each argument is unavailing.

A.  Final Order in a Non-Core Adversarial Proceeding

Appellants contend that the Bankruptcy Court's Order violates 28 U.S.C. § 157(c) because they did not consent, explicitly or implicitly, to the Bankruptcy Court entering a final order of any kind. Section 157(c) provides that:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). Thus, at first glance, it appears that the Bankruptcy Court should have submitted a "proposed findings of fact and conclusions of law" to the district court, instead of issuing the Order to strike Appellants' amended complaint and close the case.

4 – OPINION & ORDER

However, a closer look at Appellants' "Adversary Complaint" leads to a different conclusion. *See* Bankr. Docket, 16-03043-tmb, ECF 1 ("Compl."). Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7008(a) provides that "in an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court." Fed. R. Bankr. P. 7008(a). Similarly, Oregon's Local Bankruptcy Rule 7008-1 states that "[a] complaint, counterclaim, cross-claim, or third-party complaint must state whether the pleader consents to the judge's entry of final orders or judgment." L.B.R. 7008-1. Oregon's Rule 7008-1 additionally states: "The pleader's failure to timely make that statement waives any objection to the judge's entry of final orders or judgment." *Id.*

Appellants stated in their complaint that the Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334, and F.R.B.P. 7001 (1), (2), and (9). Compl. at 1. Appellants also stated the following: "As required by FRBP 7008(a), to the best of our knowledge and understanding this is a non-core proceeding pursuant to 28 U.S.C. § 157." *Id.* at 2. Appellants did not object to the Bankruptcy Court's jurisdiction.

By filing their complaint with the Bankruptcy Court while failing to object to the court's jurisdiction, Appellants impliedly consented to the Bankruptcy Court's jurisdiction. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 567 (9th Cir. 2012), *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) ("a bankruptcy litigant impliedly consents to the bankruptcy court's jurisdiction when he fails to timely object"); *In re Daniels-Head & Assocs.*, 819 F.2d 914, 918 (9th Cir. 1987) ("appellant's failure to object to the bankruptcy court's jurisdiction constitutes consent to that jurisdiction"); *Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir. 1990) (debtor's decision to file an adversary proceeding in

5 – OPINION & ORDER

bankruptcy court, and his failure to object to the court's jurisdiction prior to the time it rendered judgment against him, meant that "he consented to the court's jurisdiction."); *Baczkowski v. Bank of N.Y.*, No. 6:16-CV-00150-MC, 2016 WL 6208270, at *2 (D. Or. Oct. 21, 2016) (same). Therefore, Appellants waived any objection to the Bankruptcy Judge's entry of a final order or judgment.

B. Treatment of Appellants' Objection

On July 5, 2016, the Bankruptcy Court entered a minute order in which it granted U.S. Bank's motion to dismiss Appellants' complaint and provided Appellants leave to amend. Bankr. Docket, 16-03043-tmb, ECF 24. On August 1, 2016, Appellants' filed a document captioned Objection to Order in which they sought relief from the court's July 5, 2016 minute order. *Id.* at ECF 31. The Bankruptcy Court construed Appellants' Objection as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) (applicable through Federal Rule of Bankruptcy Procedure 9024). *Id.* at ECF 36. The Bankruptcy Court denied Appellants' motion. *Id.*

Appellants contend that the Bankruptcy Court erred by construing their objection as a motion. The Court disagrees. First, Appellants' Objection stated: "We reserve the right to have this objection construed so as to do justice according to at least FRBP 1001 and to ensure that we are heard 'at a meaningful time and in a meaningful manner.'" *Id.* at ECF 31. In construing Appellants' Objection as a motion for reconsideration, the Bankruptcy Court provided a means to evaluate their objection and issue a ruling. There is no provision that Appellants cite that entitles them to file an "objection." Thus, by construing their Objection as a motion for reconsideration, the Bankruptcy Court construed it to provide justice by facilitating a means to consider the merits of Appellants' argument. *See, e.g., Von Croney v. Smith*, 17 F.3d 398 (9th

6 – OPINION & ORDER

Cir. 1994) ("To the extent [plaintiff] objects to this order, we construe his objection as a motion for reconsideration"); *Miller v. CDC Warden*, No. 107CV01416LJODLBPC, 2009 WL 302227, at *1 (E.D. Cal. Feb. 6, 2009) ("There is no provision for an objection to an order and the court therefore construes the objection . . . as a motion for reconsideration").

More importantly, Appellants fail to show any harm that resulted by the Bankruptcy Court construing their Objection as a motion. Therefore, even if the Bankruptcy Court erred (which it did not), any such error was harmless.

C.  Meaningful Access to this Court

Appellants argue that the Bankruptcy Court erred by denying them "meaningful access to this Court." This Court is unable to discern any way in which Appellants allege they were denied access to this Court. Instead, Appellant's argument appears to attack the merits of the Bankruptcy Court's ruling, by arguing that the Bankruptcy Court abused its discretion in striking Appellants' amended complaint.

Appellants fail to show any factual or legal error. Appellants repeat the arguments they made before the Bankruptcy Court and before this Court in moving for a preliminary injunction. According to Appellants, they did not default on the promissory note because U.S. Bank failed to comply with a statutory duty of presentment of the note. Appellants cite Oregon Revised Statute § (O.R.S.) 73.0501(2)(b), which states:

> Upon demand of the person to whom presentment is made, the person making presentment must:
>
> (A) Exhibit the instrument;
> (B) Give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so; and
> (C) Sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

7 – OPINION & ORDER

O.R.S. 73.0501(2)(b). Appellants write: "[*N]o one has ever* exhibited our Note, nor given us reasonable proof of their authority to enforce it." Appellants' Br. 17. However, as the Bankruptcy Court explained, the language Appellants cite in O.R.S. 73.0501(2)(b) is prefaced by the following statement: "The following rules are subject to . . . agreement of the parties[.]" O.R.S. 73.0501. Where, as here, the parties' note waived the right of presentment, the requirements of O.R.S. 73.0501(2)(b) do not apply. *See* Bankr. Docket, Baker Decl. Ex. A at § 10, ECF 4 ("I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor."); *see also Rich v. Wells Fargo Bank, NA*, No. 1:14-CV-00393-PA, 2014 WL 2770316, at *3 (D. Or. June 18, 2014) (dismissing claim because the terms of the parties' agreement meant that O.R.S. 73.0501(2)(b) did not apply).

The Bankruptcy Court acted pursuant to its authority to *sua sponte* dismiss a case when there is cause to do so. *See In re Leeward Subdivision Partners, LLC*, No. BAP.WW-10-1060-HRUJU, 2010 WL 6259983, at *6 (B.A.P. 9th Cir. June 11, 2010) (citing 11 U.S.C. § 105(a)); *see also In re Tennant*, 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004) ("The court can dismiss a case sua sponte under Section 105(a)."). Appellants' disagreement with the Bankruptcy Court's ruling, without any showing of error, does not form a basis for appealing their case to this Court.

D.  FRBP and the Rules Enabling Act

Appellants contend that the Bankruptcy Court erred by failing to construe Appellants' complaint "so as to do justice according to at least FRBP 1001 *and* the Rules Enabling Act." Appellants' Br. 21. The Appellants do not offer any argument for this Court to consider regarding whether or not the Bankruptcy Court erred.

E.  Due Process

8 – OPINION & ORDER

Appellants assert that the Bankruptcy Court "violated due process by failing to hear us in a meaningful manner." Appellants' Br. 22. However, Appellants offer no facts or argument to support this conclusion. *See Baczkowski v. Bank of N.Y.*, No. 6:16-CV-00150-MC, 2016 WL 6208270, at *2 (D. Or. Oct. 21, 2016) (finding no due process violation in bankruptcy proceedings where the appellant did not present a sufficient factual or legal basis in her pleadings as to how due process was violated). Further, the Court does not independently find any support for this assertion. Appellants were given notice of the deficiencies of their original complaint and were provided a hearing in which the Bankruptcy Court provided guidance and an opportunity to amend their complaint. The Amended Complaint was dismissed only after the Bankruptcy Court determined that Appellants had failed to amend their complaint as directed. Thus, there was no due process violation.

F.  Equity

Appellants argue that the Bankruptcy Court's orders are inequitable and favor U.S. Bank. Again, Appellants offer no evidence to support this allegation.

## CONCLUSION

The Bankruptcy Court Order is affirmed and this appeal is dismissed. Any pending motions are denied as moot.

IT IS SO ORDERED.

Dated this ____21____ day of ____Feb_____, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER